■ In the Matter of MURIEL F. SIEBERT, Respondent. JULIAN I. GARFIELD et al., Appellants. — Order, Supreme Court, New York County (Martin Evans,

J.), entered on March 26, 1981, modified to sever the application made pursuant to section 618 of the Banking Law and treat it as a special proceeding pursuant to CPLR article 4. As modified, the order granting the application is affirmed, without costs, and the matter is remitted to Supreme Court for entry of judgment pursuant to CPLR 411. The Superintendent of Banks, acting as receiver of the Municipal Credit Union (MCU) sought judicial approval of an agreement between the National Credit Union Administration (NCUA) and MCU under which NCUA would provide $4.5 million in financial assistance to the ailing MCU. As part of her affirmation in support of the petition the Superintendent of Banks noted the NCUA requirement that persons responsible for the MCU's past loan losses "not be allowed to serve in positions that require decisions on lending policies and/or the granting of credit during the term of this Agreement", and expressed her belief "that all former members of the Board of Directors and of the Credit and Supervisory Committees of MCU must share the responsibilities for its weak lending policies and practices and that the condition imposed respecting former management in the NCUA Agreement is reasonable." Thus, by the declaration of her belief that *all* former board members "must share the responsibilities" for the past poor performance of MCU, the superintendent was informing respondents that she would, when future elections were held, rely upon this part of the NCUA agreement to bar their seeking re-election to the board. While obviously of importance to respondents, this declaration was actually gratuitous and irrelevant to the petition before the court: approval of the agreement with NCUA. Accordingly, the court below erred in concluding both that the NCUA required the exclusion of respondents, per se, by virtue of their former status as board members, or that the superintendent's petition, by its terms, effected a disqualification of respondent. Neither was the case, and both questions are reserved for the future day when the superintendent issues special regulations setting forth procedures for the election of board members, and such elections are scheduled. The sole question presented to the court on this petition is whether the superintendent properly exercised the statutory discretion granted under section 606 of the Banking Law to solicit an agreement with NCUA which is "necessary to conserve [MCU's] assets and business." (Banking Law, § 618, subd 1.) The lower court recognized the breadth of the superintendent's discretion and the importance of the agreement proposed. We agree, and with the procedural modifications above noted, we affirm. All that remains is for a judgment to be entered pursuant to CPLR 411, and for that purpose we remit the matter to Supreme Court. Concur — Carro, J. P., Markewich, Lupiano and Milonas, JJ.